I strongly dissent to the result achieved in this case. First, the municipal court committed an error of law in applying probable cause, a higher constitutional standard, rather than a reasonable, articulable suspicion, in determining whether conducting field sobriety tests violated the Fourth Amendment ban against unreasonable searches and seizures. In such an instance, we cannot correct the trial court's error by applying the correct standard to the evidence offered at the suppression hearing. That is a matter solely within the purview of the trial court. See State v. DeLong (May 12, 1999), Paulding App. No. 11-99-02, unreported. I would therefore refrain from usurping the trial court's authority.
Moreover, the majority's foundation for reaching the merits of this case is faulty. The "Findings of Fact" adopted by the municipal court are actually a statement of the evidence in lieu of a transcript, filed pursuant to App.R. 9(C). As such, the court's conclusions of law as to witness credibility have no place in the statement and should be disregarded by this court. A fortiori, it follows that the trial court's failure to apply the proper constitutional standard cannot be harmless error. For these reasons, I would reverse and remand this cause for application of the correct standard by the trial court.